# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No. 2:12-0552-RMG |
| ) | |
| Sean Doctor, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| ) | |

This matter comes before the Court on Defendant's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (Dkt. No. 144). Defendant asserts that "extraordinary and compelling reasons" exist for a grant of compassionate release, based upon risks associated with COVID-19, chronic medical conditions, and his conduct while incarcerated. The Government has filed a response in opposition. (Dkt. No. 150). Defendant has also filed a motion for appointment of counsel. (Dkt. No. 143).[1]

## Jurisdiction

To invoke the jurisdiction of this Court, a defendant must first submit to his warden a request for compassionate release and thirty days must have passed. 18 U.S.C. § 3582(c)(1)(A). The Court finds that more than 30 days have passed since Defendant submitted his compassionate release request to his warden, providing the Court jurisdiction over this matter. (Dkt. No. 144 at 6, 7).

---

[1] The Court finds no basis for the appointment of counsel to address Defendant's second motion for compassionate release. The motion for appointment of counsel (Dkt. No. 143) is denied.

1

**Legal Standards**

Recent statutory changes have provided district courts jurisdiction to reduce the sentences of previously sentenced federal inmates on the basis of compassionate release under certain limited circumstances. Defendant must first meet one of the threshold requirements for compassionate release. These include:

1. The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. § 3582(c)(1)(A)(ii);

2. Where a defendant has raised the risk of COVID-19 as a basis for compassionate release, the defendant has demonstrated a particularized risk of developing severe illness or death due to his medical conditions, *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); or

3. "Extraordinary and compelling reasons" for compassionate release exist, which include "any extraordinary and compelling reasons for release the defendant might raise" and "truly exceptional cases that fall within no other statutory category," 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McCoy*, 981 F.3d 271, 284, 287 (4th Cir. 2020).[2]

---

[2] Sentencing Guideline 1B1.13 and the Application Notes associated with this provision, which are applicable to decisions of the Director of the Bureau of Prisons in making grants of compassionate release and do not constrain the discretion of the district court, may provide "helpful guidance" to district courts. *United States v. McCoy*, 981 F.3d at 282 n.7. Among the factors to consider under Sentencing Guideline 1B1.13 and its Application Notes include (A) whether the inmate is suffering from mental and/or physical conditions which substantially diminish a defendant's capacity for self-care; (B) whether a defendant is suffering from a terminal illness; and (C) whether the defendant is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process.

A defendant seeking a sentence reduction on the basis of compassionate release carries the burden of establishing his entitlement to relief. If a defendant meets one of the threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

## Factual Background

Defendant was sentenced by the Honorable C. Weston Houck to 240 months of incarceration on June 13, 2014 following a guilty plea to Felon in Possession, Possession with Intent to Distribute 28 Grams or More of Crack Cocaine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Dkt. No. 62). Defendant was determined to be a Career Offender and Armed Career Criminal based on multiple prior firearm and drug convictions, which resulted in a criminal history of VI. Defendant's most recent offenses followed by just nine days the completion of a prior state sentence. Defendant's arrest on the instant offenses was preceded by a high-speed chase from law enforcement in which he threw a firearm and cocaine from his car window, which were later recovered. (Dkt. No. 144 at 5-6). Defendant's sentencing guidelines were calculated to be 312-387 months, with 262-327 months related to the Felon in Possession and drug counts and five years consecutive on the Possession of a Firearm in Furtherance of a Drug Trafficking Crime count. (*Id*. at 1). Judge Houck varied downward in sentencing Defendant to 240 months.

Defendant filed his first motion for compassionate release in October 2020 based on the risks associated with COVID-19 and his history of chronic medical conditions that placed him at increased risk of serious illness and death from the virus. (Dkt. No. 132). At the time, no vaccine was available, and the Government conceded that Defendant met the threshold requirements of compassionate release because his chronic medical conditions placed him at significant risk of

3

severe COVID-19 related complications. However, the Government opposed the granting of compassionate release under § 3553(a) factors, arguing that Defendant posed a continuing risk to the community. The Court denied Defendant's motion for compassionate release after carefully weighing the § 3553(a) factors, with a specific focus on the specific circumstances of his most recent federal convictions and his troubling criminal history. (Dkt. No. 141).

Defendant filed a second motion for compassionate release on March 4, 2022, slightly less than 15 months after the Court's earlier denial of relief. (Dkt. No. 144). Since the Court's previous denial of compassionate relief, a COVID-19 vaccine became available, and Defendant has been vaccinated. He continues to have various chronic medical conditions, including diabetes, hyperlipidemia, and hypertension, all which are managed by medication. (Dkt. No. 151 at 977-78). He has also been diagnosed with an "unspecified disorder of the prostate" and is receiving ongoing treatment for this condition.

**Discussion**

A.     Threshold Requirements for Compassionate Release

Defendant is presently 38 years of age. He has Type II diabetes and receives daily medications for this condition. He also receives daily medications for elevated cholesterol and hypertension, and recently commenced treatment for a prostrate disorder. All of these conditions are being medically managed by the BOP medical team staff. With the receipt of the COVID-19 vaccine, he is no longer at significantly elevated risk of serious illness or death from the virus. *See United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021).

The Court has also reviewed the full record in this matter to determine if there are "extraordinary and compelling reasons" for compassionate release. The Court's review has included consideration of Defendant's good disciplinary and work record during his nearly 10

years of incarceration. The Court finds, taking the record as a whole, that there are not "extraordinary and compelling reasons" for compassionate release. Defendant has, therefore, not satisfied the threshold requirements for compassionate release.

      B.      <u>§ 3553(a) factors</u>

The Court has found that the threshold requirements of compassionate release have not been met. Moreover, even if extraordinary and compelling reasons for compassionate release had been found, the Court would not grant the motion after weighing the relevant § 3553(a) factors, as set forth below:

      1.      <u>Nature and Circumstances of the Offenses and Seriousness of Offenses</u>: Defendant's counts of conviction include serious drug trafficking and firearm offenses, which merited a significant sentence. Further, Defendant received a significant downward variance at sentencing, which reduced his sentence (calculated at the bottom of the guidelines) from 312 months to 240 months.

      2.      <u>History and Characteristics of Defendant</u>: Defendant has a long history of serious firearm and drug trafficking offenses. He has been determined to be an Armed Career Criminal and a Career Offender, with a criminal history of VI. This history places Defendant at significant risk of recidivism.

      3.      <u>Provide Just Punishment and Promote Respect for the Law</u>: A significant sentence was necessary to hold Defendant accountable because shorter sentences have failed to deter his persistent criminal activity.

      4.      <u>Protect the Public from Further Crimes of the Defendant and Deter Future Criminal Conduct</u>: Defendant's criminal history demanded a significant sentence to deter further criminal conduct and to protect the public from further crimes from the Defendant. The Court has carefully

considered Defendant's positive work and disciplinary history while incarcerated and weighed these factors against Defendant's disturbing and substantial criminal history. The Court finds, on balance, that Defendant's immediate release would place the public at risk and would not deter future criminal conduct.

Based on the foregoing, and weighing all of the § 3553(a) factors, the Court finds that even if the threshold requirements of compassionate release were met (which the Court found they were not), the Court would not grant Defendant's motion for compassionate release based on the present record before the Court. If Defendant continues to show the progress over the next two years which he has demonstrated in recent years, the record *may* establish the basis in the future for compassionate release.

## Conclusion

Based on the foregoing, Defendant's motions for appointment of counsel and for compassionate release (Dkt. Nos. 143, 144) are **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 18, 2022
Charleston, South Carolina

6